UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS SHELDON BREWER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRISTOPHER WRAY, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 1:22-cv-00996 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 3. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous. Plaintiff has filed a motion for temporary restraining order ("Mot."), ECF No. 2, which will be denied.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of Edgewater, New Jersey, sues several federal officials, the New York City Police Department and several of its officials, and additional John Does. *See* Compl. at 1–2, 10–11. Any claims against the Doe defendants cannot stand, however, because the Local Rules of

1

this Court state that "[t]hose filing *pro se in forma pauperis* must provide in the caption the name and full residence address or official address of each defendant." D.C. LCvR 5.1(c).

The prolix complaint totals 372 pages, and due to the length of the pleading alone, neither the Court nor defendants can reasonably be expected to identify plaintiff's claims, and defendants cannot be expected to prepare an answer or dispositive motion. Further, a complaint "shall [not] have appended thereto any document that is not essential to determination of the action." D.C. LCvR 5.1(e).

Furthermore, the allegations are incomprehensible. For example, plaintiff contends that the "Complaint raises extremely critical issues of human autonomy crucial to the future of these United States and our ability to function as free and self-directed people." Compl. at 5. He goes on to state that "in the opinion of the Plaintiff, the international deployment of this coercive technology, by the United States, has resulted in retaliatory attacks against State and CIA employees of the United States operating outside U.S. boundaries, causing the spectrum of symptoms known as the Havana Syndrome. On September 16, 2021, three days after the initial mailing of the first version of this case to the Court, the Secretary of Defense instructed all personnel to report any Havana Syndrome symptoms to the chain of command." *Id.* at 8.

He further contends that defendants' "technology causes emotional trauma, physical pain, manufactured body movements, thoughts, and verbalizations which can endanger the life, and are directly detrimental to, the subject's human, constitutional, and civil rights[.]" *Id.* He believes that these "conspiratorial" actions, *see id.* at 23, occurred "[w]ithin and without the boundaries of the United States, including, without limitation, Canada, Mexico, the United Kingdom, and potentially including in the physical jurisdiction of France, Italy, Luxembourg, and Switzerland[,]" and that the "[t]he pattern of events date from approximately 1980[,]" *id.* at 7. He seeks myriad injunctive

and declaratory relief and monetary damages. *See id.* at 8. Plaintiff's motion for temporary restraining order is equally incredible. *See e.g.*, Mot. at 6 (discussing defendants' two alleged "notable recent efforts" to control plaintiff by use of "remote manipulation of brain and bodily functions," causing him to, respectively, choke on a piece of steak and to fall out of his chair, due to the government's "deadly manipulations.").

This Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Consequently, a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard. In addition to failing to state a claim for relief or establish this Court's jurisdiction, the complaint is deemed frivolous on its face.

Therefore, this case is dismissed without prejudice, and the motion for temporary restraining order is denied. A separate order accompanies this memorandum opinion.

TREVOR N. McFADDEN
United States District Judge

Dated: May 16, 2022